IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY RAVON RUFFIN, | No. 4:23-CV-01297 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| WARDEN CHRISTENSEN, | |
| Respondent. | |

MEMORANDUM OPINION

AUGUST 15, 2024

Petitioner Anthony Ravon Ruffin filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 while confined at the United States Penitentiary, Allenwood, in White Deer, Pennsylvania. He asserts that the federal Bureau of Prisons (BOP) is assessing and collecting restitution payments in a manner that violates his federal rights. For the following reasons, the Court will deny Ruffin's Section 2241 petition.

I. BACKGROUND

Ruffin is currently serving a 645-month aggregate sentence for, among other convictions, armed bank robbery, brandishing a firearm during a crime of violence, felon in possession of a firearm, and controlled substance offenses.[1] His projected release date, via good conduct time, is June 16, 2054.[2]

---
1   *See* Doc. 10-1 at 3 ¶ 3.
2   *Id.*

Ruffin was first convicted in 2009 in the United States District Court for the Eastern District of North Carolina for possession with intent to distribute cocaine base and using and carrying a firearm in furtherance of a drug-trafficking crime.[3] He was sentenced to 322 months' incarceration (later reduced to 230 months) and ordered to pay a special assessment of $200, a fine of $12,300, and restitution in the amount of $3,150.[4] While on release pending sentencing in the Eastern District, Ruffin committed armed bank robbery in the Middle District of North Carolina.[5] On December 9, 2010, he was sentenced to a consecutive 415-month term of imprisonment for armed bank robbery, brandishing a firearm during a crime of violence, and felon in possession of a firearm.[6] Only a special assessment of $300 was imposed with this 2010 judgment.[7]

Ruffin lodged the instant Section 2241 petition in this Court in August 2023.[8] In it, he avers that the BOP has increased his restitution installment payments from $25 per quarter to $300 per quarter as part of the Inmate Financial Responsibility Program (IFRP). Ruffin takes issue with the dramatic increase in the quarterly assessment and requests that it be adjusted back to $25 per quarter until he is released, claiming that the BOP's "fixation" and adjustment of

---

[3] *See United States v. Ruffin*, No. 4:06-cr-00074, Docs. 43, 183 (E.D.N.C.).
[4] *Id.*, Doc. 43 at 2, 5.
[5] *See id.*, Doc. 183 at 1-2; *United States v. Ruffin*, No. 1:08-cr-00304, Doc. 49 (M.D.N.C.).
[6] *See Ruffin*, No. 1:08-cr-00304, Doc. 49 at 1-2.
[7] *Id.* at 5.
[8] *See generally* Doc. 1.

2

restitution payments under the IFRP violates due process.[9] He maintains that, pursuant to 18 U.S.C. § 3664(f), the sentencing court must establish a restitution installment payment schedule and cannot delegate that duty to the BOP.[10] Ruffin's petition is fully briefed and ripe for disposition.

## II.   DISCUSSION

Respondent argues that Ruffin failed to exhaust administrative remedies but does not address the merits of Ruffin's habeas challenge.  Although the Court finds that Ruffin failed to properly exhaust his claims with the BOP, exhaustion here is excused because Ruffin is asserting a statutory challenge to the execution of his sentence.

### A.   Administrative Exhaustion

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims.[11] Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy."[12]

---

[9] *See id.* at 6-8.
[10] *See id.*
[11] *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996)).
[12] *Moscato*, 98 F.3d at 761-62 (citations omitted)

The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment.[13] That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel.[14] In challenges to disciplinary proceedings before a DHO, the normal administrative process is modified slightly, and only requires an inmate to appeal the DHO's decision to the Regional Director and then to final review with the General Counsel.[15]

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review.[16] Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that involves only statutory construction.[17] Exhaustion is likewise excused when it would be futile.[18] "In order to invoke the futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court."[19]

---

[13] *See generally* 28 C.F.R. §§ 542.10-.19.
[14] *See id.* §§ 542.13-.15.
[15] *See id.* §§ 542.14(d)(2), 542.15.
[16] *See Moscato*, 98 F.3d at 761.
[17] *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)).
[18] *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *see Cottillion v. United Refining Co.*, 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement).
[19] *Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3d Cir. 2007) (quoting *D'Amico v. CBS Corp.*, 297 F.3d 287, 293 (3d Cir. 2002)).

4

It is clear from Ruffin's petition and attachments that he did not fully exhaust his claim regarding his IFRP restitution payments.[20] Ruffin sought informal resolution and then formal review by the warden, but he did not appeal to the Regional Director or to the General Counsel.[21] Nevertheless, Ruffin's claim implicates a question of statutory construction, and therefore administrative exhaustion is unnecessary.[22]

B.  **Merits of Section 2241 Petition**

As noted above, the gravamen of Ruffin's Section 2241 petition is that the BOP does not have the authority to establish a restitution payment schedule under its Inmate Financial Responsibility Program for court-imposed restitution.[23] He asserts that the sentencing court must set the restitution payment schedule and that delegating this duty to the BOP is illegal. Ruffin asks the Court to order the BOP to return his quarterly restitution payment to $25 per quarter instead of $300 per quarter.[24]

---

[20]  *See* Doc. 1 at 3-4 (stating that he did not file an appeal to the Regional Director "[b]ecause it is this specific institution at issue, not the Region."); *see also* Docs. 1-1, 1-2, 1-4, 1-7.
[21]  *See* Doc. 1 at 3-4; Docs. 1-1, 1-2, 1-4, 1-7.
[22]  *Vasquez*, 684 F.3d at 433-34.
[23]  *See* Doc. 1 at 6-8.
[24]  *See id.* at 3, 8. Ruffin also asks the Court to order that his installment payments on release be "$150 per month." *Id.* at 8. As explained below, the sentencing court directly addressed post-release restitution installment amounts and thus there is no basis to consider this additional request for relief in the instant Section 2241 petition.

Ruffin, however, also admits that he has been participating in the IFRP for 12 years,[25] presumably on a voluntary basis. Indeed, nowhere in his petition does he allege that the BOP is *forcing* him to make restitution payments through the IFRP. Rather, Ruffin appears to only have taken issue with IFRP repayments when the BOP increased his installment payment amount based on the large amount of deposits being made into his inmate trust fund account.[26] As Ruffin explains, his payments went from $25 per quarter (or approximately $8.33 per month), to $300 per quarter (or $100 per month).[27] Ruffin asks the Court to reverse this increase, claiming the BOP cannot set the restitution schedule.[28]

Under the Mandatory Victims Restitution Act of 1996 (MVRA),[29] the district court must specify "the manner in which, and the schedule according to which, the restitution is to be paid[.]"[30] In fixing this schedule, "the court must consider the financial resources, projected earnings and other income, and financial obligations of the defendant,"[31] and can order the defendant to provide "a single

---

[25] *See id.*
[26] *See* Docs. 1-4, 1-7 (providing detailed breakdown of Ruffin's inmate trust fund account deposits and BOP's calculations regarding resultant IFRP installment payments).
[27] *See* Doc. 1-4. As the BOP indicated in its informal response to Ruffin, this $100-per-month IFRP assessment is substantially below what the BOP could require under its policy based on the amount of deposits in Ruffin's inmate account over the preceding six-month period ($1,230.60). *See id.*
[28] Doc. 1 at 8.
[29] 18 U.S.C. §§ 3663A-3664 (1996).
[30] 18 U.S.C. § 3664(f)(2); *United States v. Coates*, 178 F.3d 681, 683 (3d Cir. 1999).
[31] *United States v. Johnson*, 66 F. App'x 320, 322 (3d Cir. 2003) (nonprecedential) (citing 18 U.S.C. § 3664(f)(2)(A)-(C)).

6

lump-sum payment, periodic payments, or, if the defendant is indigent, nominal periodic payments."[32]  The restitution schedule, however, must be set by the sentencing court and is nondelegable.[33]

In its judgment, the United States District Court for the Eastern District of North Carolina ordered the following as to the criminal monetary penalties imposed on Ruffin:

> The special assessment, fine & restitution all shall be due *in full immediately*.  However, if the defendant is unable to pay in full immediately, the SPECIAL ASSESSMENT & RESTITUTION *may* be paid through the Inmate Financial Responsibility Program.  The court, having considered the defendant's financial resources and ability to pay, orders that any balance still owed at the time of release shall be paid in installments of $50 per month to begin 60 days after the defendant's release from prison.  At the time of the defendant's release, the probation officer shall take into consideration the defendant's ability to pay the restitution ordered and shall notify the court of any needed modification of the payment schedule.[34]

It thus appears that the sentencing court ordered that Ruffin's monetary penalties be paid in full immediately, rather than providing a schedule of partial payments during his incarceration.[35]  This decision was within the sentencing court's discretion.[36]  To the extent that Ruffin seeks to challenge the validity of the

---

[32] *Id.* (citing 18 U.S.C. § 3664(f)(3)(A)-(B); *Coates*, 178 F.3d at 683).
[33] *Coates*, 178 F.3d at 685.
[34] *Ruffin*, No. 4:06-cr-00074, Doc. 43 at 6 (emphasis added).
[35] *See id.*; *see also id.*, Doc. 196 at 1.
[36] *See* 18 U.S.C. § 3664(f)(3)(A) ("A restitution order may direct the defendant to make a single, lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments.").

restitution order itself, "such a challenge should have been made upon direct appeal."[37]

If the BOP were compelling Ruffin to make IFRP installment payments based on its own calculations, he may have a valid claim that such forced periodic payments conflict with his judgment of sentence. But this is not what he is claiming or what is happening. Rather, Ruffin takes issue with the BOP's increase in his IFRP installment payment amount. However, by *voluntarily* entering into the BOP's financial program, Ruffin "personally provided the BOP the authority to collect restitution funds."[38] As the United States Court of Appeals for the Third Circuit has noted, there is nothing prohibiting an inmate "from contributing additional monies to restitution he owes, especially when doing so—and being placed on IFRP status—confers benefits that would otherwise be lost."[39] And while an inmate's participation in the IFRP "cannot be compelled,"[40] Ruffin does not allege that he is being compelled to participate in the IFRP.

In light of the foregoing, this Court cannot grant Ruffin the relief he seeks. If Ruffin takes issue with the IFRP installment payment amount calculated by the BOP, he must press his claim with that agency. If unsuccessful, he is free to refuse to participate in the IFRP program, as participation is voluntary. But as it stands,

---

[37] *Duronio v. Werlinger*, 454 F. App'x 71, 73 n.3 (3d Cir. 2011) (nonprecedential).
[38] *Id.* at 73 (internal quotation marks and citation omitted).
[39] *Id.*
[40] *Id.* (quoting *United States v. Boyd*, 608 F.3d 331, 334 (7th Cir. 2010)).

Ruffin's Section 2241 petition does not allege a statutory or constitutional violation with respect to his restitution payments or any other aspect of the execution of his sentence. His petition, therefore, will be denied.

### III. CONCLUSION

For the foregoing reasons, the Court will deny Ruffin's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge